IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

STEVEN L. HOEFS, )
)
    Plaintiff, )
)
v. ) 03 - 30233 - MAP
)
RICHARD J. BOUDREAU and )
COVENANT MANAGEMENT )
GROUP, LTD., )
)
    Defendants. )

FILING FEE PAID:
RECEIPT # 30536
AMOUNT $ 150.00
BY DPTY CLK MGM
DATE 9/29/03

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Richard J. Boudreau, doing business as Boudreau & Associates, and Covenant Management Group, Ltd. ("Covenant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (Fair Debt Collection Practices Act). Venue in this District is proper because Richard J. Boudreau sent collection correspondence into this District on behalf of Covenant.

### PARTIES

3. Plaintiff Steven L. Hoefs is an individual who resides in Wilbraham, Massachusetts.

4. Defendant Richard J. Boudreau, doing business as Boudreau & Associates, is an attorney who regularly collects consumer debts. His office is located at 5 Industrial Way, Salem, NH 03079. He is a "debt collector" as defined in the FDCPA.

5. Defendant Covenant is a limited liability company on whose behalf Boudreau was acting. It regularly acquires consumer debts that are in default and attempts to collect them, or

1

have them collected on its behalf. It is a "debt collector" as defined in the FDCPA.

## FACTS

6. On or about July 26, 2003, defendant Boudreau sent plaintiff the collection letter attached as <u>Exhibit A</u>, seeking to collect a debt allegedly incurred for personal, family or household purposes. Plaintiff received it shortly thereafter.

7. Boudreau sent <u>Exhibit A</u> on behalf of defendant Covenant.

8. <u>Exhibit A</u> is the first letter plaintiff received from defendant Boudreau in connection with the debt described therein.

9. On information and belief, <u>Exhibit A</u> is the first letter defendant Boudreau sent to plaintiff in connection with the debt described therein.

10. On information and belief, <u>Exhibit A</u> is a standard form letter intended for use as an initial demand letter by defendant Boudreau.

## VIOLATIONS ALLEGED

11. <u>Exhibit A</u> contradicts, overshadows and renders confusing the debt validation notice required by 15 U.S.C. §1692g. The letter insists that "It is every important that you contact this office as soon as possible to avoid any further action," which may include "damaging your credit rating" and "a civil suit."

12. Section 1692g provides:

§ 1692g.    Validation of debts [Section 809 of P.L.]

**Notice of debt; contents**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1)    the amount of the debt;

(2)    the name of the creditor to whom the debt is owed;

(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

2

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .

13. <u>Exhibit A</u>, although on the letterhead of a law firm, is not in fact "from" an attorney. Although the front of the letter, with its threats of suit, bears every indication that an attorney, acting as an attorney normally acts, has become professionally involved with the file, the reverse states that the law firm letterhead "should not be taken by you to mean that any attorney has yet reviewed your account or directed this letter to be sent to you . . . ." The reverse further suggests that the letter was generated by a computer without human involvement. The sending of <u>Exhibit A</u> violates 15 U.S.C. §1692e, 1692e(3), and 1692e(10).

14. Section 1692e provides:

**§ 1692e.   False or misleading representations [Section 807 of P.L.]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

### CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Massachusetts addresses (b) who were sent an initial demand letter in the form represented by <u>Exhibit A</u>, (c) on or after a date one year prior to the filing of this action, (d) and prior to 20 days after the filing of this action.

3

16. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

17. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

18. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

19. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

20. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
   LEFEBVRE & SONS
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

Daniel A. Edelman

4

>Cathleen M. Combs
>Tara L. Goodwin
>EDELMAN, COMBS & LATTURNER, LLC
>120 S. LaSalle St., Suite 1800
>Chicago, IL 60603
>(312) 739-4200
>(312) 419-0379

## JURY DEMAND

Plaintiff demands trial by jury.

*Christopher M. Lefebvre*

i:\case\boudreau10424\pleading\cmplt.wpd